UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

TP ST ACQUISITION, LLC, et al.,

    Plaintiffs,

v.                                         Case No. 21-2020-JAR

KEVIN LINDSEY, et al.,

    Defendants.

## ORDER

Defendants have filed a motion asking the court to review *in camera* four e-mails listed on plaintiffs' privilege log to evaluate plaintiffs' assertion of privilege (ECF No. 57). Plaintiffs oppose the motion, arguing in their response that the documents are properly withheld under the work-product doctrine and there is no need for the court to review them because an amended privilege log—with information contained in the response—has been served. Because defendants do not suggest the amended privilege log inaccurately describes the withheld documents, and because plaintiffs demonstrated the elements of work-product protection, the motion is denied.

At issue are four documents, "two of which are identical to the other two, and all four of which are substantially identical."[1] Plaintiffs describe documents Bates stamped

---

[1] ECF No. 69 at 1.

TPST-L010**608** and TPST-L010**618** as "duplicate email chains with the top email communication among Plaintiffs' management/representatives Matt Rohs, Andy Mason, and Glenn Andrews, sent April 30, 2020 at 12:53 PM."[2] Plaintiffs identify documents Bates stamped TPST-L010**591** and TPST-L010**722** as "identical to TPST-L010**608** and TPST-L010**618**, except [they] have one additional email from Matt Rohs to Andy Mason and Glenn Andrews, sent April 30, 2020 at 1:13 PM."[3] Earlier e-mails in the chain have either been produced (the original e-mail authored by Janine Akers) or withheld under the attorney-client privilege and logged separately without challenge (seven e-mails between Rohs, Andrews, and an attorney).[4] Plaintiffs assert the e-mails that followed in the chain between Rohs, Mason, and Andrews (the subject e-mails) "constitute client work product . . . and continue to discuss the subject matters of the Attorney-Client Communications that precede them."[5] Plaintiffs argue they are subject to work-product protection because they "involve discussions regarding evidence, strategy, and the bases for a potential lawsuit against Akers, which was filed and is currently pending in the Superior Court of the State of Delaware."[6]

---

[2] *Id.* at 2.

[3] *Id.*

[4] *See id.* at 3.

[5] *Id.*

[6] *Id.*

Plaintiffs acknowledge that their first privilege log "inadvertently failed" to denote the subject e-mails as protected by the work-product doctrine (asserting instead only attorney-client privilege based on the attorney communications earlier in the chain), but plaintiffs note they have "served a revised privilege log to correct this oversight."[7] Plaintiffs also assert that defense counsel failed to abide by D. Kan. Rule 37.2's requirement to meet and confer with their counsel before filing the motion, and had defense counsel done so, "this oversight would have been discovered, the privilege log would have been revised, and with the explanations provided herein, the necessity for the Motion would have been mooted."[8] Although defendants do not challenge plaintiffs' revised log, they also do not agree that their motion for review is mooted by the new assertion of work-product protection.[9] Thus, the court proceeds to evaluate the assertion.[10]

---

[7] *Id.* at 5.

[8] *Id.*

[9] *See* ECF No. 74.

[10] As plaintiffs correctly observe, the court could deny the motion solely on the procedural ground that defendants failed to comply with Rule 37.2. But for the sake of efficiency, and considering neither side is faultless in the circumstances leading to the motion, the court exercises its discretion to decide the motion on its merits. *See Stephenson v. Young,* No. 10-2197-KHV, 2010 WL 4961709, at *2 (D. Kan. Nov. 29, 2010) ("Despite the unqualified language of the federal and local rules, the Court, in its discretion, may choose to determine a motion to compel on its merits even when the duty to confer has not been fulfilled under certain circumstances."); *Benney v. Midwest Health, Inc.,* No. 17-2548-HLT, 2018 WL 6067347, at *3 (D. Kan. Nov. 20, 2018) (deciding merits of motion, despite Rule 37.2 violation, where neither side was without fault); *Schlup v. Depositors Ins. Co.*, No. 19-2095-HLT, 2020 WL 5094709, at *8 (D. Kan. Aug. 28, 2020) (deciding discovery motion on its merits, despite violation of Rule 37.2, "in the interest of moving this matter to pretrial").

Because this litigation arises out of a federal-statutory scheme, federal law governs the application of the work-product doctrine.[11] The doctrine, first recognized by the Supreme Court in *Hickman v. Taylor*,[12] is now set out in Fed. R. Civ. P. 26(b)(3), which reads:

> Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent).

Thus, for documents to be protected under the work-product doctrine, the party claiming the protection must demonstrate "(1) the materials sought to be protected are documents or tangible things; (2) they were prepared in anticipation of litigation or for trial; and (3) they were prepared by or for a party or a representative of that party."[13] There is no dispute here that the first and third elements are established.

As to the second element, the court considers two components in determining whether the subject e-mails were prepared in anticipation of litigation:

> The first is the causation requirement—the document in question must have been created *because of* the anticipation of litigation (i.e. to prepare for litigation or for trial). The second component imposes a reasonableness limit

---

[11] Fed. R. Evid. 501; *New Jersey v. Sprint Corp.,* 258 F.R.D. 421, 425 (D. Kan. 2009); *Western Res., Inc. v. Union Pacific R.R. Co.*, No. 00-2043, 2002 WL 181494, at *4 n.4 (D. Kan. Jan. 31, 2002) (citing *Burton v. R.J. Reynolds Tobacco Co.*, 167 F.R.D. 134, 139 (D. Kan. 1996)).

[12] 329 U.S. 495, 510–11 (1947).

[13] *U.S. Fire Ins. Co. v. Bunge N. Am., Inc.*, 247 F.R.D. 656, 657 (D. Kan. 2007) (citing *Johnson v. Gmeinder*, 191 F.R.D. 638, 643 (D. Kan. 2000)).

4

>on a party's anticipation of litigation—the threat of litigation must be *"real" and "imminent."*[14]

Courts look "to the primary motivating purpose behind the creation of the document . . . . Materials assembled in the ordinary course of business or for other non-litigation purposes are not protected by the work-product doctrine."[15] Our court has explained that "the doctrine is not intended to protect investigative work unless done so under the supervision of an attorney in preparation for the real and imminent threat of litigation or trial."[16] "'[T]he work product doctrine requires more than a mere possibility of litigation.'"[17] Rather, "there must be a real and substantial probability that litigation will occur at the time the documents were created."[18]

As noted above, plaintiffs argue the four e-mails at issue are protected work product because they "involve discussions regarding evidence, strategy, and the bases for a potential lawsuit against Akers, which was filed and is currently pending in the Superior Court of the State of Delaware."[19] They contend the causation requirement of element

---

[14] *Kannaday v. Ball,* 292 F.R.D. 640, 648–49 (D. Kan. 2013) (emphasis added).

[15] *Id.* at 649 (quoting *Marten v. Yellow Freight System, Inc.*, No. 96‒2013, 1998 WL 13244, at *10 (D. Kan. Jan. 6, 1998)).

[16] *Id.*

[17] *AKH Co. v. Universal Underwriters Ins. Co*., 300 F.R.D. 684, 688 (D. Kan. 2014) (quoting *Pouncil v. Branch Law Firm,* No. 10–1314–JTM, 2011 WL 5025033, *4 (D. Kan. Oct. 21, 2011)).

[18] *Kannaday,* 292 F.R.D. at 648.

[19] ECF No. 69 at 3.

two is met because the e-mails "relate directly to preparation for the Akers Litigation."[20] Rather than being made in the ordinary course of business, plaintiffs state the e-mails "were specifically aimed at determining facts and documents relevant to the claims brought in the Akers Litigation."[21]  As to the requirement in element two that the anticipation of litigation be reasonable, plaintiffs represent the e-mails were exchanged "at a time where the threat of litigation was real and imminent (indeed, Kluger Kaplan was engaged shortly after the date of these emails)."[22]

The court finds plaintiffs have met their burden to demonstrate the four e-mails are subject to work-product protection.  Interestingly, defendants do not address in their reply brief whether plaintiffs met the specific elements of work-product protection in the revised privilege log or in plaintiffs' response brief.[23]  Rather, defendants seem to take the untenable position that the court must determine whether work-product protection is properly asserted by performing an *in camera* review.[24]  If this were true, the court would

---

[20] *Id.* at 6.

[21] *Id.*

[22] *Id.*

[23] Defendants' reply brief instead continues to focus on the applicability of the attorney-client privilege (e.g., "whether legal advice predominates" and that "the mere inclusion of in-house counsel in an email string does not make the communication privileged"). ECF No. 74 at 2-3.  These arguments are misplaced because, as noted above, defendants did not challenge plaintiffs' assertion of attorney-client privilege over the earlier e-mails in the string that involved the attorney.

[24] *Id.* at 3.

be overburdened with review requests. Instead, the decision whether to review documents *in camera* is discretionary.[25] The court must have some ground for conducting the review, which may be useful when there's a genuine dispute between the parties as to the accuracy of the withholding party's description of the documents.[26] "Notably, though, such review is not to be routinely undertaken."[27]

Based on a review of the briefing, the court declines to require *in camera* review here. Defendants do not argue plaintiffs' revised privilege log insufficiently describes the documents at issue, and the court doesn't find a reason to exercise its discretion to require review. As noted, defendants have not attempted to dispute plaintiffs' assertions of work-product protection. Defendants do not dispute the accuracy of the revised privilege log, merely whether the protection applies. Accordingly, the court finds no valid ground to conduct *in camera* review.

IT IS THEREFORE ORDERED that defendants' motion for *in camera* review is denied.

Dated November 17, 2021, at Kansas City, Kansas.

   s/ James P. O'Hara
James P. O'Hara
U.S. Magistrate Judge

---

[25] *Jaiyeola v. Garmin Int'l, Inc.,* No. 20-2068-HLT, 2021 WL 492654, at *6 (D. Kan. Feb. 10, 2021) (citing *Black & Veatch Corp. v. Aspen Ins. (UK) Ltd.*, 297 F.R.D. 611, 621 (D. Kan. 2014)).

[26] *Id.*

[27] *Id.*